IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Russell D. Davidson,

    Plaintiff,

    v.                        Case No. 2:17-cv-1121

Commissioner of
Social Security,

    Defendant.

OPINION AND ORDER

Plaintiff Russell D. Davidson brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income. In a decision rendered on October 5, 2016, the administrative law judge ("ALJ") found that plaintiff has severe impairments consisting of ischemic heart disease; inflammatory bowel disease; diabetes mellitus, type II; hypertension; degenerative joint disease of the right knee, status post meniscus tear, osteoarthritis, and arthroscopic surgery in December, 2015; degenerative joint disease of the hips; degenerative disc disease of the spine; chronic obstructive pulmonary disease; and obesity. R 14. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except that he:

> could occasionally climb ramps and stairs, but would be precluded from climbing ladders, ropes, and scaffolds. He could occasionally stoop, kneel, crouch, and crawl. He would be limited to occasional balancing and could occasionally use right foot controls. Further, the claimant could have frequent exposure to extreme cold, extreme heat, wetness, and humidity.

R. 19. Upon consideration of the testimony of a vocational expert,

the ALJ concluded that there are a significant number of jobs in the national economy which plaintiff could perform, and that he is not disabled. R. 31-33. This matter is now before the court for consideration of plaintiff's February 19, 2020, objections to the February 6, 2020, report and recommendation of the magistrate judge which recommended that the decision of the Commissioner be affirmed. The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581

F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. Consideration of Expert Opinions

1. Opinions of David DeWalt, D.O.

Plaintiff objects to the conclusion of the magistrate judge that the ALJ provided good reasons for the weight assigned to the opinions of plaintiff's treating primary care physician, Dr. DeWalt. On April 3, 2014, Dr. DeWalt completed a multiple impairment questionnaire. R. 1074. On this check-box form, Dr. DeWalt listed plaintiff's symptoms and diagnoses. He stated that plaintiff's symptoms included rectal bleeding, poor balance, numbness in the feet, abdominal pain in the lower quadrant, and burning pain in the extremities caused by poor blood sugar levels. Dr. DeWalt opined that plaintiff could sit for a total of three hours and stand or walk for a total of one hour in a workday, that he had limitations in reaching, handling, fingering and lifting, and that he would likely be absent from work more than three days a month. In a letter prepared on June 29, 2015, Dr. DeWalt

3

described plaintiff's diagnoses, and indicated that plaintiff also saw specialists in gastroenterology, pain management and cardiology. He opined that plaintiff could not work a full-time job in light of his medical problems, and that he was likely permanently disabled. R. 1678.

Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3 (Soc. Sec. Admin. July 2, 1996). If the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart*, 710 F.3d at 376. However, the ALJ is not required to address each of these factors in the written decision. *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010); *see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010)(a formulaic recitation of factors is not required).

The Commissioner is required to provide "good reasons" for

discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. However, an ALJ need not discuss every piece of evidence in the record for his decision to stand, *see Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004), and the failure to cite specific evidence does not indicate that it was not considered, *see Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). *See also Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 445 (6th Cir. 2018)(ALJ was not required to address each check mark on form completed by doctor). The ALJ may also accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439-41 (6th Cir. 2010); *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470-72 (6th Cir. 2006).

This court agrees with the conclusion of the magistrate judge that the ALJ provided sufficient reasons for the weight he assigned to Dr. DeWalt's opinions. The ALJ properly assigned little weight to Dr. DeWalt's 2015 opinion that plaintiff was not employable, was unable to work a full-time job, and would "[m]ost likely" be permanently disabled. R. 28, 1678. The ALJ correctly noted that Dr. DeWalt's opinion that plaintiff is disabled was speculative and that he described no functional limitations in his letter which would restrict plaintiff's ability to work. The ALJ and the

5

magistrate judge did not err in observing that the determinations of whether a claimant is disabled or unable to work are reserved to the Commissioner. R. 28. *See Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)(determination of disability is reserved to the Commissioner); *see also Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 492-93 (6th Cir. 2010)(opinion concerning whether claimant is disabled or unable to work is on an issue reserved to the Commissioner and is not entitled to any particular weight).

The ALJ afforded some weight to Dr. DeWalt's statement concerning plaintiff's listed conditions, but concluded that the record did not support the severity of those conditions as opined by Dr. DeWalt. R. 28. The ALJ further stated that although plaintiff would experience some physical limitations as a result of his conditions, the record showed that plaintiff's cardiologist had indicated that the cardiac condition has not worsened and is not significantly limiting, and that plaintiff's lower extremity and spinal degeneration resulted in no gait abnormalities, strength deficits, reflex problems, or muscle atrophy. R. 29. The ALJ concluded that Dr. DeWalt's 2015 letter was not consistent with the medical evidence and other opinion evidence. This was sufficient to comply with the regulations. *See Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006).

As to the April, 2014, assessment, the ALJ assigned little weight to Dr. DeWalt's opinion that plaintiff would be unable to engage in work activities on a sustained basis. R. 29. The ALJ stated that this opinion was not supported by the totality of the evidence, and correctly noted that the issue of disability was reserved to the Commissioner. The ALJ further concluded that the

6

likelihood that plaintiff would miss three or more workdays per month was not supported by the record, as there was no evidence that plaintiff receives medical treatment which would prevent him from attending work regularly or which would require multiple day recovery time. Dr. DeWalt's estimate of likely work absences also concerned an issue reserved to the Commissioner. *See Saulic v. Colvin*, No. 5:12CV2753, 2013 WL 5234243, at *9 (N.D. Ohio Sept. 16, 2013)(treating source's statement regarding likely work absences was not a medical opinion). The ALJ afforded some weight to the proposed limitations on standing, sitting, walking, lifting, and carrying, but concluded that plaintiff was capable of these activities within the definition of sedentary work. R. 29. The ALJ rejected the limitations on grasping, engaging in fine manipulation or reach, noting that although plaintiff reported some hand pain and swelling, he did not report any functional limitations or dropping of objects, and that he engaged in the daily activities of cooking, driving, preparing meals, dressing, and tying shoes without the need for assistance. R. 29. The ALJ also noted that the additional medical evidence received after 2014 concerning plaintiff's chronic obstructive pulmonary disease was accommodated by the environmental limitations in the RFC. R. 29-30.

The ALJ also thoroughly discussed plaintiff's medical records. The ALJ concluded that even though plaintiff did not specifically report that his weight (recently 280 pounds) negatively impacted his physical mobility, plaintiff's obesity was taken into account by limiting him to sedentary work. R. 20. The ALJ also noted that despite plaintiff's intermittent pulmonary conditions such as bronchitis and one instance of pneumonia, there was no evidence of

pulmonary disease or embolism, he received conservative treatment with medication, and his symptoms were adequately addressed by the sedentary work level. R. 20-21. The ALj observed that plaintiff's diabetic condition was recently controlled and was taken into account by the physical limitations in the RFC. R. 21. The ALJ recognized plaintiff's history of bowel problems, including a remote history of Crohn's disease and irritable bowel syndrome, but noted that his conditions were under good control in 2015. R. 22. The ALJ also addressed plaintiff's right knee, hip and back pain, noting that despite these conditions, plaintiff walked with a normal gait, had normal reflexes, body control, and motor strength, and he reported that he could walk distances without the use of a cane. R. 22-23. The ALJ noted that, following multiple catheterizations, plaintiff's coronary artery disease was stable, and that his treating cardiologist noted in 2015 and 2016 that plaintiff's heart conditions, including angina, were not limiting or causing any symptoms. R. 24-25.

Plaintiff argues that the ALJ erred in citing a conflict between the 2014 opinion, in which Dr. DeWalt stated that plaintiff could perform low stress work, and his later conclusion in 2015 that plaintiff was unable to work. Plaintiff contends that the plaintiff's ability to tolerate low stress in the workplace does not mean that he is otherwise physically capable of working. The magistrate judge correctly concluded that even if the ALJ erred in this observation, reversal is not warranted because the ALJ identified several additional reasons why plaintiff was capable of a reduced range of sedentary work. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012)( upholding decision despite ALJ's partial reliance on an erroneous factual finding because the

8

ALJ cited other substantial, legitimate evidence to support his factual conclusions).

The magistrate judge did not err in observing that Dr. DeWalt "provided almost no rationale for reaching his bare-boned conclusions, offered mostly one or two-word answers and checked off boxes on the questionnaire." Doc. 14, p. 17. The magistrate judge correctly concluded that the ALJ could assign little weight to an opinion from a treating source when, in completing a checkbox form, the physician provided little or no explanation for the restrictions and cited no supporting objective medical evidence. *See Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 567 (6th Cir. 2016); *Price v. Comm'r of Soc. Sec. Admin.*, 342 F. App'x 172, 176 (6th Cir. 2009); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). The magistrate judge also properly examined the record evidence as a whole and cited additional evidence in deciding whether the ALJ's evaluation of Dr. DeWalt's opinions was based on substantial evidence. It is the function of the magistrate judge and this court to review the record to determine whether the Commissioner's decision is supported by substantial evidence. *Ealy*, 594 F.3d at 512; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)(review of the Commissioner's findings must be based on the record as a whole). The magistrate judge correctly concluded that the ALJ did not violate the treating physician rule or otherwise err in his consideration and weighing of Dr. DeWalt's opinions.

2. Opinions of State Agency Physicians

Plaintiff argues that the ALJ erred in his consideration of the opinions of the state agency physicians by giving their opinion

greater weight than that accorded to Dr. DeWalt's opinions. The
ALJ gave some weight to the May 6, 2014, opinion of Elizabeth Das,
M.D. (Exhibit 1A), and the September 9, 2014, opinion of Leon D.
Hughes, M.D. (Exhibit 5A). He also gave some weight to the 2014
opinion of Dr. DeWalt, although he gave little weight to Dr.
DeWalt's 2015 letter opinion. Although the opinions of a treating
source are generally entitled to more weight than the opinion of a
non-examining source such as state agency consultants, *Gayheart*,
710 F.3d at 375, this is not a *per se* rule. *See Norris v. Comm'r
of Soc. Sec.*, 461 F.App'x 433, 438-40 (6th Cir. 2012); SSR 96-6p,
1996 WL 374180 at *3 (July 2, 1996). The magistrate judge
correctly concluded that the weight the ALJ assigned to the
opinions of the state agency physicians was supported by
substantial evidence. In fact, the ALJ concluded that plaintiff
would have greater postural limitations than those posed by the
state consultants, and limited plaintiff to a sedentary level of
work rather than the light exertional level assessed by the
consultants. R. 30.

Plaintiff further argues that weight should not have been
assigned to the opinions of the state consultants because they did
not have the entire record before them when rendering their
opinions in 2014. However, neither did Dr. DeWalt when he rendered
his 2014 and 2015 opinions. As the magistrate judge observed,
there is "no categorical requirement that [a] non-treating source's
opinion be based on a 'complete' or 'more detailed and
comprehensive' case record." *Helm v. Comm'r of Soc.* Sec., 405 F.
App'x 997, 1002 (6th Cir. 2011); *Kelly v. Comm'r of Soc. Sec.*, 314
F. App'x 827, 831 (6th Cir. 2009)(noting that there will always be

a gap between the time the agency experts review the record and the time the hearing decision is issued).

An ALJ can rely on a non-examining source who did not have the opportunity to review later medical records as long as there is some indication in the decision that the ALJ considered the new evidence before giving weight to an opinion that is not based on a review of a complete case record. *Blakley*, 581 F.3d at 409. Here, the ALJ thoroughly discussed plaintiff's treatment records, including records from 2015 and 2016. R. 20-25. This review was sufficient. *See McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009)(finding no error when it was clear from the ALJ's decision that he considered medical examinations that occurred after the state agency physician's assessment). Plaintiff argues that the ALJ was impermissibly "playing doctor" in considering evidence not before the state agency physicians. The ALJ was not "playing doctor" in considering later medical records; rather, the above cases indicate that he was required to consider all evidence in the record, not just the evidence before the state agency consultants. The ALJ properly assigned weight to the opinions of the state agency consultants.

B. Evaluation of Plaintiff's Testimony

Plaintiff objects to the conclusion of the magistrate judge that the ALJ properly evaluated plaintiff's statements regarding his symptoms. Consideration of a claimant's subjective symptoms is governed by SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016), which eliminated the use of the term "credibility" in order to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029 at *1. The new ruling directs the ALJ to look at whether the claimant's

11

statements about the intensity, persistence and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record. *Id.*, 2016 WL 1119029 at *7.

The ALJ summarized plaintiff's testimony at the hearing. R. 19-20. The ALJ then concluded that plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence. R. 20. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273-74 (6th Cir. 2010)(ALJ can consider whether plaintiff's subjective complaints were supported by objective medical evidence). The ALJ discussed the medical and opinion evidence at length in his decision. The ALJ noted that symptoms reported by plaintiff on the social security application forms, such as poor memory, blurred vision, confusion, drowsiness, thirst, hunger, tiredness and dizziness, were not reported to his treating medical providers and were contradicted by treatment records. Plaintiff argues that the ALJ mischaracterized the record by noting that plaintiff said that he stopped working because he was laid off without acknowledging treatment records for numbness/decreased sensation, limited motion, decreased reflexes and muscle spasms. However, the ALJ explicitly acknowledged those symptoms and the fact that plaintiff was experiencing physical problems when he was laid off. R. 21, 22 and 26.

The ALJ discussed plaintiff's daily activities, which included caring for his personal needs, doing dishes, preparing meals, taking out the trash, driving and managing his finances. R. 26. The ALJ did not rely exclusively on plaintiff's daily activities in determining the severity of his symptoms. The ALJ could properly consider plaintiff's daily activities along with the other evidence

12

in evaluating whether plaintiff is disabled and in formulating his RFC. *See* 20 C.F.R. §404.1529(c)(3)(i); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 543 (6th Cir. 2007). The ALJ also observed that plaintiff made inconsistent reports to providers, and received only conservative treatment. R. 26-27. *See Lester v. Social Sec. Admin.*, 596 F. App'x 387, 389 (6th Cir. 2015)(ALJ properly considered conservative treatment in concluding that claimant was not suffering from disabling impairments). The ALJ noted that plaintiff was noncompliant with treatment, including not scheduling cardiac treatment for years, and not using his prescribed diabetic medications. R. 27. *See* SSR 16-3p, 2016 WL 1119029, *7-8 (Mar. 16, 2016)(allowing ALJ to consider evidence showing that the claimant is not following the prescribed treatment in weighing claimant's claims of allegedly disabling symptoms). The ALJ did not err in considering the above evidence in determining whether plaintiff's complaints of symptoms were consistent with the record as a whole.

The ALJ stated that "the claimant's complaints have not been completely dismissed, but rather have been included in the residual functional capacity to the extent that they are consistent with the evidence as a whole." R. 21. Substantial evidence supports the ALJ's evaluation of plaintiff's complaints of symptoms, and this objection is not well taken.

III. Conclusion

For the reasons stated above, the court concludes that the ALJ gave good reasons for the weight he assigned to the expert opinions and did not err in his consideration of those opinions. The ALJ also properly evaluated plaintiff's testimony and other evidence

concerning his symptoms in formulating his RFC. The ALJ's non-disability finding is supported by substantial evidence. The court overrules the plaintiff's objections (Doc. 15), and adopts and affirms the magistrate judge's report and recommendation (Doc. 14). The decision of the Commissioner is affirmed, and the clerk is directed to enter final judgment in this case.

Date: April 3, 2020              <u>     s/James L. Graham    </u>
                                                James L. Graham
                                                United States District Judge